UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PUI AUDIO, INC., | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-284 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| MICHAEL VAN DEN BROEK, *et al.*, | : | |
| | : | |
| Defendants. | : | |

_____

ENTRY AND ORDER GRANTING, IN PART, AND DENYING, IN PART,
PLAINTIFF PUI AUDIO, INC.'S RENEWED MOTION FOR EXPEDITED
LIMITED DISCOVERY (DOC. NO. 19)
_____

On November 3, 2021, Plaintiff PUI Audio, Inc. ("PUI") filed a motion for preliminary injunction. (Doc. No. 18.) Later that day, the Court set an evidentiary hearing on that motion to take place on November 15, 2021. (11/03/2021 Notice of Hearing.) On November 4, 2021, the Court entered an order that modified and extended a temporary restraining order ("TRO") in this case. (Doc. No. 20; *see also* Doc. No. 10.) Now pending before the Court is PUI's Renewed Motion for Expedited Limited Discovery (Doc. No. 19) (the "Motion"). In the Motion, PUI asks the Court to order the parties to proceed with expedited discovery. Specifically, PUI asks that the Court order Defendants to respond to written interrogatories and produce documents within five days of service and to appear for deposition within three business days of service of Defendants' discovery responses. (Doc. No. 19.) PUI explains that it requests expedited discovery in order to prepare its case for the November 15 preliminary injunction hearing. (*Id*.)

Defendants Michael Van Den Broek ("Van Den Broek") and MISCO, Inc. ("MISCO") filed a Response to the Motion. (Doc. No. 21.) Defendants indicate in their Response that they

1

object to the proposed depositions, but would be willing to respond to PUI's proposed sets of interrogatories and requests for production of documents if a response is not required until November 11, 2021. (*Id.*) They note that "some three (3) hours of testimony from party witnesses took place on November 1, 2021" and that "the transcript of the deposition of [PUI's] proffered computer forensic expert James Persinger taken on October 29, 2021 was admitted into evidence." (*Id.* at PageID 306.) Their Response also includes an embedded motion for limited discovery; Defendants state that, "[t]o the extent that the Court grants expedited discovery with respect to these written discovery requests, Defendants now move that [PUI] be required to respond to Defendants['] proposed expedited interrogatories and request for production of documents" by November 11, 2021.[1] (*Id.*)

The Federal Rules of Civil Procedure allow a district court to order expedited discovery, even before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26; *Lemkin v. Bell's Precision Grinding*, No. 2:08-cv-789, 2009 U.S. Dist. LEXIS 126739, 2009 WL 1542731, at *1 (S.D. Ohio June 2, 2009) ("Rule 26(d) … permits the district court to order expedited discovery"). "[D]istrict courts within this circuit have applied a good cause standard in determining whether or not to permit expedited discovery." *Lemkin*, 2009 WL 1542731, at *2. The party seeking expedited discovery has the burden of showing good cause. *Id.* "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* Good cause is often found in cases alleging infringement or unfair competition, or "where evidence may be lost or destroyed with time" (i.e., without expedited discovery). *Id.* "The scope of the discovery request is also relevant to whether or not good cause exists." *Id.*; *see also St. Louis Grp. v. Metals*

---

[1] Given that this order grants at least some expedited discovery, the Court will address Defendants' embedded motion in a separate order.

*and Additives Corp., Inc.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) ("[i]n a good cause analysis, a court must examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances," and "the subject matter related to requests for expedited discovery should be narrowly tailored in scope") (internal quotation marks omitted). Ultimately, "the trial court retains broad discretion in establishing the timing of discovery." *Lemkin*, 2009 WL 1542731, at *2 (citing Fed. R. Civ. P. 26(d)(2)); *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (denying motion for expedited discovery and explaining that, "in every case, the court has the discretion, in the interests of justice, to prevent excessive or burdensome discovery") (internal quotation marks omitted).

      This is a case alleging unfair competition, including misappropriation of trade secrets. (*See generally* Doc. No. 1 (Verified Complaint).) As the parties are aware, the Court is very familiar with this case and what has already been testified to during the November 1, 2021 evidentiary hearing. Having considered PUI's requests based on the entirety of the record to date and in light of the surrounding circumstances (including timing of the preliminary injunction hearing and expiration of the temporary restraining order), the Court finds that PUI has met its burden of showing good cause with respect to some of its proposed expedited discovery requests (as set forth below), while failing to meet its burden of showing good cause with respect to the others. While the Court appreciates Defendants' proposal to prohibit the proposed depositions but allow the proposed written discovery requests and response to those by November 11, the Court instead concludes that requiring more limited written discovery sooner and limited depositions (both in duration and scope) is more appropriate. The Court notes that, because it is granting PUI's request that Van Den Broek and MISCO (through a corporate representative) appear for a deposition, the Court does not find good cause with respect to several of the proposed interrogatories given that

3

they can be asked during the depositions or otherwise would be unduly burdensome to Defendants due to the tight timeframe and amount of permitted expedited discovery. The Court also notes that it does not find good cause to grant expedited discovery requesting Van Den Broek to produce (or otherwise make available for forensic inspection) the hard drives of a potential host of computers and devices, as requested in proposed document request number 6 to Van Den Broek. However, the Court reminds Van Den Broek of his obligations under the temporary restraining order entered in this case and informs him that additional principles of law may apply concerning preservation of such items. Based on its review of the deposition of Jim B. Persinger, CFE, LPI, the Court is aware that a forensic analyst retained by PUI is still conducting an analysis of a laptop computer that Van Den Broek used at PUI.

The Court finds good cause to require certain, limited expedited discovery. Specifically, the Court **ORDERS** the following:

1. On or before Tuesday, November 9, 2021, **Van Den Broek** shall respond to and produce any responsive documents with respect to the following:

    a. Request for Production of Documents numbers 2 (modified to delete the word "prospective"), 3 (modified to delete the word "prospective"), 5, and 7 (modified to replace "temporary restraining order" with "preliminary injunction") that are set forth on Doc. No. 19-1 at PageID 258-59.

    b. Request for Production of Documents number 4 on Doc. No. 19-1 at PageID 258 as modified to state the following: "Produce any and all communications between you and any current or former employee, officer, or other representative or agent of MISCO that relates to the application for, consideration of, or commencement of your employment with MISCO."

4

    c. Request for Production of Documents number 8 on Doc. No. 19-1 at PageID 259 as modified to state the following: "Produce any and all documents in your possession, custody, or control relating to your interview notes with MISCO, offer letters from MISCO, communications relating to your application or interview for a position with MISCO, acceptance letters from MISCO, job descriptions of your position with MISCO, or resumes provided by you to MISCO."

2. On or before <u>Tuesday, November 9, 2021</u>, **MISCO** shall respond to and produce any responsive documents with respect to the following:

    a. Request for Production of Documents numbers 5 (modified to delete the phrase "or relating to"), 6 (modified to replace "temporary restraining order" with "preliminary injunction"), and 8 that are set forth on Doc. No. 19-2 at PageID 269-70.

    b. Request for Production of Documents number 4 on Doc. No. 19-2 at PageID 269 as modified to state the following: "Produce Van Den Broek's resume(s), job description(s), job application(s), offer letter(s), or acceptance letter(s)."

3. On or before <u>Wednesday, November 10, 2021</u>, **Van Den Broek** shall respond to the following interrogatories:

    a. Interrogatory numbers 2, 3 (modified to refer to "preliminary injunction" hearing instead of "temporary restraining order" hearing), and 4 that are set forth on Doc. No. 19-1 at PageID 254.

4. On or before <u>Wednesday, November 10, 2021</u>, **MISCO** shall respond to the

following interrogatories:

    a. Interrogatory numbers 2 (modified to refer to "preliminary injunction" hearing instead of "temporary restraining order" hearing), 3 (modified to refer to "preliminary injunction" hearing instead of "temporary restraining order" hearing), 4, 15, and 16 that are set forth on Doc. No. 19-2 at PageID 265 and 268.

5. On or before <u>Thursday, November 11, 2021</u> (or Friday, November 12, 2021 if agreed to by the parties), Van Den Broek **and** MISCO (through a corporate representative(s)) shall separately appear for depositions that are <u>limited to two hours each in length and further limited to the following topics</u>:

    a. Topics 1, 2, 3, 5, and 6 set forth on Doc. No. 19-4 at PageID 283.

    b. Communications within MISCO regarding Van Den Broek's employment with PUI, PUI's business since Van Den Broek was employed by MISCO, or PUI's current or former customers since Van Den Broek was employed by MISCO.

    c. MISCO's product lines as of July or August of 2021.

    d. Persons or entities that MISCO viewed as its competitors in July or August of 2021.

    e. The types of customers of MISCO (without disclosing any specific customer).

    f. (for Van Den Broek's deposition only:) Van Den Broek's efforts to obtain employment with MISCO, his use of Dropbox since April of 2021, and the work he has performed on behalf of MISCO.

Any responses and production by Defendants should (at least) be sent to counsel for PUI by email at the email addresses on record in this case. This Order in no way should be read as allowing employees of PUI access to MISCO's trade secret information. The Court allows Defendants to make limited redaction in any documents produced in this expedited discovery in order to protect MISCO's trade secret, proprietary, or confidential information; however, this does not allow Defendants to redact information regarding PUI, PUI's customers (as known by the responding defendant), or PUI's clients (as known by the responding defendant).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, November 5, 2021.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE