# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# DAYTON DIVISION

| | | |
|---|---|---|
| **PUI AUDIO, INC.** | : | Case No. 3:21-cv-00284-TMR-SLO |
| **Plaintiff,** | : | Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| **MICHAEL VAN DEN BROEK, et al.** | : | |
| **Defendants.** | : | |
| | : | |

## AGREED PRELIMINARY INJUNCTION

Upon agreement of Plaintiff PUI Audio, Inc. ("PUI") and Defendants Michael Van Den Broek ("Van Den Broek") and MISCO, Inc. ("MISCO") (collectively "Defendants") (all parties collectively referred to as the "Parties") (*see* Doc. No. 29), the Court hereby enters the following Preliminary Injunction in this matter:

1. MISCO shall not re-hire Van Den Broek, contract with him, or otherwise retain his services, directly or indirectly, during the term and enforcement of this Preliminary Injunction.

2. Van Den Broek shall abide by all the terms of his Employment Agreement with PUI, a copy of which was attached to PUI's Verified Complaint as Exhibit 1 (Doc. No. 1-1) (the "Agreement"), including, but not limited to, refraining from providing any services, directly or indirectly, whether as an employee, contractor, or otherwise, with any of the following companies identified by PUI as competitors: MISCO, Challenge Electronics, Mallory Sonalert, Soberton, DB Unlimited, Transducers USA, CUI Devices, Knowles, or Floyd Bell. These entities are identified in this Order for purposes of this Preliminary Injunction only, and without admission by Defendants. In identifying these

1

entities in this Order and ordering Van Den Broek to refrain from providing services to them, the Court does not make any final determination as to the status of any of them, including MISCO, as a "business enterprise in competition" with PUI as defined in the Agreement.

3. Defendants shall promptly permit a forensic review of the following devices: as to MISCO, the desktop computer used by Van Den Broek during his employment with MISCO; as to Van Den Broek his personal computer and cell phone. The forensic review shall be conducted as follows:

  i. Defendants shall appoint a qualified neutral forensics expert of their choice to image the device(s) identified by Van Den Broek, subject to approval by PUI, which shall not be unreasonably withheld;

 ii. Defendants shall bear the cost of imaging the device(s) identified by Van Den Broek, as well as any costs associated with generating device connection and active/deleted file reports;

iii. Counsel for the Parties shall agree to a protocol for the review, which shall be conducted to determine whether any PUI confidential or trade secret information was transferred or stored on Van Den Broek's computer(s) or device(s), consistent with this Court's prior statements, Fed. R. Civ. P. 26 protections for confidential and trade secret information of all parties, and any Protective Order entered in this matter;

iv. If any such information is found on Van Den Broek's computer(s) or device(s), Defendants shall bear the cost of permanent deletion such that the information can no longer be accessed by Van Den Broek;

      v.    Defendants shall promptly identify any other computers or USB devices or thumb drives in their possession, custody, or control, used by Van Den Broek between January 1, 2020 and the present, which either: (1) Van Den Broek used in connection with his work for PUI or MISCO, or (2) otherwise contain any PUI information or documents.

4. Van Den Broek shall disclose and return any information of PUI, if any, to PUI and shall not otherwise use or disclose any confidential, proprietary, and/or trade secret information belonging to PUI.

5. If MISCO identifies any confidential, proprietary, and/or trade secret information belonging to PUI, MISCO shall not use or disclose that information and shall promptly return such information to PUI.

6. As stated in this Court's November 10, 2021 Minute Entry, the hearing on Plaintiff's Motion for Preliminary Injunction (Doc. No. 18) set for November 15, 2021 is hereby **cancelled and removed from the Court's docket**. A hearing on whether the Court shall convert this order into a permanent injunction will be set at least seventy-five (75) days following the deadline for Parties to participate in mediation (see Paragraph 7(ii) below).

7. The Court enters a pre-hearing case schedule as follows:

    i.    The Parties shall conduct limited discovery focusing on those items needed to engage in a good faith resolution of this matter, including written discovery requests and depositions.

        1.    All discovery must be completed by **December 10, 2021**;

2. The Court hereby extends the deadline by which the Parties must respond to the written discovery requests this Court has permitted in its prior Orders (Doc. Nos. 22 & 25) to November 19, 2021;

3. The Parties may propound additional written discovery requests so long as the information sought through those requests is consistent with the purpose of allowing the parties to engage in a good faith resolution of this matter. Parties shall have fourteen (14) days to respond to any new discovery requests propounded by another Party. However, the party propounding the requests must ensure that the requests are served with enough time that responses are received by or before the discovery cutoff date;

4. The Parties are permitted up to eight (8) hours of deposition time per side, not to exceed four (4) hours per witness. The time limits set by this Order shall be inclusive of any deposition of Van Den Broek or MISCO taken in accordance with the Court's prior Order (Doc. No. 22), which shall be modified to permit a deposition of up to four (4) hours, and to extend the time for appearance at deposition through December 10, 2021; and

5. The resolution of all discovery disputes shall be governed by the procedures set forth in S.D. Ohio Civ. R. 37.1 and Section 1(3) of General Order No. Day 12-01's discovery provisions.

ii. The Parties are required to schedule and participate in a mediation in this matter by or before **December 31, 2021**. The Parties may elect to participate

        in private mediation. Should the Parties be unable to agree to the terms of private mediation or otherwise prefer to participate in a settlement conference conducted by the Court in lieu of private mediation, the Parties must notify the Court by or before **December 10, 2021**. In the event the Parties participate in private mediation, the Parties must notify the Court of the result of that mediation within three (3) days of the date mediation occurred.

   iii.   In the event mediation is unsuccessful, this Court will issue an updated scheduling order identifying the date of the permanent injunction hearing, the date of a pre-hearing conference, and other applicable pre-hearing deadlines.

IT IS SO ORDERED.


Date:  November 15, 2021                    s/Thomas M. Rose
                                                             Judge Thomas M. Rose
                                                             United States District Judge

AGREED TO**:**

| | |
|---|---|
| */s/ Deborah S. Brenneman* | */s/ Kevin J. Breen* |
| Deborah S. Brenneman (0062113) | Kevin J. Breen, Esq. (0034670) |
| THOMPSON HINE LLP | KEVIN J. BREEN CO., LLC |
| 10050 Innovation Drive, Suite 400 | 3500 W. Market Street, Suite 4 |
| Dayton, Ohio 45342 | Fairlawn, Ohio 44333 |
| Telephone: (513) 352-6638 | Telephone: (330) 666-3600 |
| Facsimile: (937) 443-6635 | Facsimile: (330) 670-6556 |
| Debbie.Brenneman@ThompsonHine.com | Kevin.J.Breen@gmail.com |

Anthony P. McNamara (0093670)  **ATTORNEY FOR DEFENDANTS**
THOMPSON HINE LLP
312 Walnut Street, Suite 2000
Cincinnati, Ohio 45202
Telephone: (513) 352-6657
Facsimile: (513) 241-4771
Anthony.McNamara@ThompsonHine.com

**ATTORNEYS FOR PLAINTIFF**

6