UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| PUI AUDIO, INC., | : |
| Plaintiff, | : Case No. 3:21-cv-284 |
| v. | : Judge Thomas M. Rose |
| MICHAEL VAN DEN BROEK, *et al.*, | : Magistrate Judge Caroline H. Gentry |
| Defendants. | : |

**ORDER GRANTING JOINT MOTION FOR ENTRY OF CONSENT ORDER AND JUDGMENT (DOC. NO. 54) AND TERMINATING THE CASE**

This case is before the Court on the parties' Joint Motion for Entry of Consent Order and Judgment (Doc. No. 54). The Court, being in all ways sufficiently advised, grants the Motion. The Court **ENTERS** the Consent Order and Judgment attached to the Parties' Joint Motion as its Exhibit A. The Court **ORDERS** the Clerk of Court to **TERMINATE** this matter on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, February 22, 2022.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

1

## Exhibit A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## DAYTON DIVISION

| | | |
|---|---|---|
| PUI AUDIO, INC. | : | Case No. 3:21-cv-00284-TMR-SLO |
| Plaintiff, | : | Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| MICHAEL VAN DEN BROEK and MISCO, INC. | : | |
| | : | |
| Defendants. | : | |

## CONSENT ORDER AND JUDGMENT

WHEREAS, PUI Audio, Inc. ("PUI") filed an action against Michael Van Den Broek ("Van Den Broek") and MISCO, Inc. ("MISCO") in the United States District Court for the Southern District of Ohio, Dayton Division, Case No. 3:21-cv-00284-TMR-SLO (the "Action");

WHEREAS each of the foregoing parties shall be referred to as a "Party" and together as the "Parties";

WHEREAS Van Den Broek and MISCO shall be referred to collectively as "the Named Defendants";

1

WHEREAS, the Parties have entered into a private settlement agreement (the "Confidential Settlement Agreement") (ECF No. 53) based on their collective desire to avoid (i) the risk associated with a trial of the facts that are the subject of this Action, and (ii) the devotion of further time and money to the respective prosecution and defense of this Action;

WHEREAS, to effect the terms of their settlement, the Parties through their respective undersigned counsel, wish to enter into this Consent Order and Judgment with respect to the Named Defendants;

WHEREAS, the Named Defendants neither admit nor deny the assertions presented in this Action, and neither the Parties' settlement nor this Consent Order and Judgment should be construed as an admission of liability.

NOW THEREFORE, THE PARTIES, THROUGH THE UNDERSIGNED COUNSEL, HEREBY CONSENT THAT THE COURT ENTER AN ORDER AS FOLLOWS:

1. The companies listed on Exhibit A to the Confidential Settlement Agreement, together with their employees, agents, or representatives shall be referred to herein as the "Exhibit A Restricted Customers." The companies listed on Exhibit B to the Confidential Settlement Agreement, together with their employees, agents, or representatives shall be referred to herein as the "Exhibit B Restricted Suppliers."

2. Until June 1, 2022, Van Den Broek shall not perform work for MISCO, whether as an employee, contractor, or otherwise. From and after June 1, 2022, Van Den Broek may recommence employment with MISCO without violation of the Confidentiality

Agreement and Employment Agreement dated January 5, 2015, attached hereto ("Employment Agreement"), provided he abides by the terms of Paragraphs 3 and 4, herein;

3. Until August 21, 2023, Van Den Broek shall not do any of the following, directly or indirectly:

    a. Solicit or assist in soliciting, or selling, with respect to the Exhibit A Restricted Customer, in connection with or in the service of any entity that competes with PUI.

    b. Seek to do business with respect to the Exhibit B Restricted Suppliers in connection with or in the service of any entity that competes with PUI.

    c. Solicit or assist in soliciting or selling speaker products to the customers in the medical device or medical industry for the Consent Decree Term.

4. The Named Defendants shall not retain, use, or disclose any of PUI's confidential or trade secret information, as defined by the Employment Agreement, subject to the terms of the Confidential Settlement Agreement.

5. The Agreed Preliminary Injunction entered by the Court on November 15, 2021, ECF No. 30, is hereby terminated.

6. All claims and counterclaims actually asserted or which could have been asserted in this Action, other than for violation of a term of the Confidential Settlement Agreement dated January 28, 2022 or this Consent Decree are dismissed with prejudice, with each party bearing its own costs and attorney's fees.

7. This Consent Order and Judgment terminates this Action.

3

Dated: February 17, 2022     /s/ Deborah S. Brenneman
Deborah S. Brenneman (#0062113)
Anthony P. McNamara (#0093670)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Dayton, Ohio 45324
Debbie.Brenneman@ThompsonHine.com
Anthony.McNamara@ThompsonHine.com

**Attorneys for Plaintiff**

Dated: February 17, 2022     /s/ Kristin Parker
Kristin Parker (MN #0389249)
(*admitted pro hac vice*)
Greta Bauer Reyes (MN #0391100)
(*admitted pro hac vice*)
STINSON LLP
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657
Email: kristin.parker@stinson.com

**Attorney for Defendant MISCO, Inc.**

Dated: February 17, 2022     /s/ Kevin J. Breen
Kevin J. Breen (#0034670)
Kevin J. Breen Co., LLC
3500 West Market Street, Suite 4
Akron, OH 44333
Telephone: 330-666-3600
Facsimile: 330-670-6556
Email: kevin.j.breen@gmail.com

**Attorney for Defendants**

CORE/3524315.0002/171982079.2